UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0196-SEB-MJD |
| | ) | |
| JASON CANTER, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 2, 2018, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 20, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 20, 2018, defendant Jason Canter appeared in person with his appointed counsel, Dominic Martin. The government appeared by Kendra Klump, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Mark McCleese, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Canter of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Canter questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Canter and his counsel, who informed the court they had reviewed the Petition and that Mr. Canter understood the violations alleged. Mr. Canter waived further reading of the Petition.

3. The court advised Mr. Canter of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Canter was advised of the rights he would have at a preliminary hearing. Mr. Canter stated that he wished to waive his right to a preliminary hearing.

4. Mr. Canter stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Canter waived preliminary hearing.

5. The court advised Mr. Canter of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Canter, by counsel, stipulated that he committed Violation Numbers 1, 2, and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer."** |
| | Mr. Canter seemingly has absconded. The probation officer has made multiple attempts to see him at his residence and left appointment notices with family at that location; however, the offender has not reported to the probation office. During the most recent attempted home contact on January 31, 2018, the offender's mother suggested Mr. Canter is avoiding this officer. |
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | On September 14, 2017, and October 19, 2017, Mr. Canter submitted urinalyses which tested positive for opiates. |
| 3 | **"The defendant shall submit to an evaluation for substance abuse or dependency treatment, as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addition or drug or alcohol dependency which may include testing and examination to determine if the defendant has revered to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay."** |
| | Mr. Canter was referred to substance abuse treatment on October 19, 2017. After attending the initial intake appointment, the offender failed to report as scheduled to any subsequent treatment sessions. |

7. After ensuring that Mr. Canter was knowingly and voluntarily waiving his right to a hearing on the alleged violations, the court placed Mr. Canter under oath and directly inquired of Mr. Canter whether he admitted Violation Numbers 1, 2, and 3 of his supervised release set forth above. Mr. Canter admitted the violations as set forth above.

8. The parties and the USPO further stipulated:

    (a)    The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)    Mr. Canter's criminal history category is I.

    (c)    The range of imprisonment applicable upon revocation of Mr. Canter's supervised release, therefore, is 4 - 10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of ten (10) months with no supervised release to follow. Defendant requested a recommendation of placement at FCI Terre Haute, Satellite Camp or a facility closest to Indianapolis, Indiana.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JASON CANTER, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of ten (10) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Magistrate Judge will recommend placement at FCI Terre Haute, Satellite Camp or a facility closest to Indianapolis, Indiana.

Counsel for the parties and Mr. Canter stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Canter entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561

*et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

    WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Canter's supervised release, imposing a sentence of imprisonment of ten (10) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Magistrate Judge will recommend placement at FCI Terre Haute, Satellite Camp or a facility closest to Indianapolis, Indiana.

    IT IS SO RECOMMENDED.

Date: 3/23/2018

                                          Debra McVicker Lynch
                                          United States Magistrate Judge
                                          Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office